UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRECIOUS N. WASHINGTON

    Plaintiff,

v.                                                      Case No. 8:07-cv-1901-T-24-MSS

HERNANDO COUNTY HOUSING
AUTHORITY, et al.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on a Motion to Dismiss/Motion to Strike, or in the alternative, a Motion for More Definite Statement and Motion for Attorneys' Fees filed by Defendants Hernando County Housing Authority and Hernando County Housing Authority Board of Commissioners (collectively, "the County"). (Doc. No. 15.) Defendant Donald Singer has also filed a Motion for More Definite Statement, Motion to Dismiss, and Motion for Attorneys' Fees. (Doc. No. 16.)

Plaintiff Precious N. Washington is proceeding pro se. When Plaintiff did not timely respond to these motions, the Court entered an order directing her to respond by January 18, 2008, or else risk dismissal of her case without prejudice. On January 10, 2008, Plaintiff filed a document entitled "Motion to Respond to More Definite Statement, Dismiss, by Defendants (Doc. 15, 16), Summary Judgment (Doc. 17), Judgment as a Matter of Law, Bad Faith, Motion to Strike and Memorandum of Law and Motion for Attorneys' Fees." (Doc. No. 21.) The Court construes this document as a timely response to Defendants' motions. On January 7, 2008, Plaintiff also filed a "Motion for Summary Judgment as a Matter of Law Facts and Statements

Marking and Listing Exhibits," which the Court will consider separately as a Rule 56 summary judgment motion. (Doc. No. 17.)

**I.     Background**

Plaintiff filed this suit under 42 U.S.C. § 1983 and the Administrative Procedure Act, alleging that Defendants violated her right to procedural due process when they terminated her welfare voucher without first affording her the opportunity to participate fully in an evidentiary hearing. Plaintiff also alleges that her voucher was terminated in retaliation for her complaints to the Jacksonville HUD office regarding Defendants' corruption.

In particular, Plaintiff alleges that on June 22, 2007, she attended a hearing before the County regarding the re-certification of her voucher. At the hearing, the County requested that Plaintiff turn in certain records to verify that she had been living at her residence.

On July 12th, Plaintiff was ten minutes late to a meeting with Defendant Singer, at which time she intended to turn in the records. Defendant Singer informed her that he did not have to re-schedule the meeting, nor did he have to give her a voucher. When Plaintiff threatened to call the Jacksonville HUD office to report Defendant Singer to his supervisor, Defendant Singer re-scheduled their meeting for the following day. At the July 13th meeting, Defendant Singer instructed Plaintiff to turn in six months of electric bills. Plaintiff complied.

On July 27th, Plaintiff was informed that her voucher would be terminated. The termination letter explained that Plaintiff was not living at her residence, which violated a regulation that prohibits a voucher recipient from being absent from his or her residence for more than 180 consecutive days. Plaintiff alleges that Defendants had insufficient evidence upon which to conclude that she was not living at her residence, and that her voucher was terminated in

retaliation for her complaints about Defendant Singer.

In her complaint, Plaintiff alleges eight "claims of relief." She alleges that her procedural due process rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and under "Section 1, 16" and "Section 1, 9" of the Florida Constitution were violated: (1) when she was not allowed representation at the hearing; (2) when she was denied notice, discovery, and the opportunity to defend herself; (3) when her governmental benefits were terminated without an evidentiary hearing; (4) when the hearing officers refused to consider certain evidence; (5) when her voucher was terminated without consideration of the hardship it would cause her family members; (6) when the County failed to implement their rules and regulations; and (7) when the County violated the rules of evidence governing Section 8 vouchers by accepting unreliable hearsay evidence and by not investigating the credibility of witnesses. Finally, in her eighth claim for relief, Plaintiff alleges that Defendants retaliated against her after she reported Defendants' corruption to the Jacksonville HUD office, in violation of the First Amendment of the U.S. Constitution and "Article 10, Section 24" of the Florida Constitution. Plaintiff seeks compensatory and punitive damages and attorneys' fees.

**II.    Discussion**

Defendants move to dismiss Plaintiff's complaint in its entirety under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Alternatively, they move under Rule 12(b)(6) and/or under Rule 12(f) for dismissal of any claims other than those in which Plaintiff alleges a violation of procedural due process and to dismiss and/or strike Plaintiff's claim for punitive damages. As an alternative to, or in addition to, dismissal, Defendants move under Rule 12(e) for a more definite statement. Furthermore, pursuant to 42 U.S.C. § 1988, they move for

an award of attorneys' fees.

In deciding a Rule 12(b)(6) motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964 (2007) (citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at __, 127 S. Ct. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.* (citation omitted). Because Plaintiff is proceeding pro se, the Court construes the complaint more liberally than it would have had the complaint been drafted by a lawyer. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

Defendants argue that Plaintiff's complaint should be dismissed in its entirety because she has failed to allege that they were acting in accordance with a policy or custom of the municipal government in denying her procedural due process rights, and thus she has failed to state a claim upon which relief can be granted. The Court agrees.

In order to prevail in a § 1983 civil rights action, the plaintiff must show a deprivation of a "federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Municipalities and other local government entities are

included among those persons to whom § 1983 applies. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). However, "Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* In other words, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* Instead, "it is only when the execution of its policy or custom inflicts the subject injury that the municipality or local government entity is responsible as an entity under § 1983." *Washington v. Bauer*, 149 Fed. Appx. 867, 870 (11th Cir. 2005).

Absent from Plaintiff's complaint (and from her response to the motions to dismiss) is any allegation that Defendants were implementing a policy or custom of the municipal government when denying her procedural due process rights. This deficiency is a sufficient basis for dismissal. However, because Plaintiff is proceeding pro se, the Court will permit Plaintiff to file an amended complaint. Plaintiff must provide a short and plain statement of her § 1983 claim, and in particular, identify the policy or custom that Defendants were implementing that resulted in a deprivation of her due process rights, such that Defendants have fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp.*, __ U.S. __, __, 127 S. Ct. at 1964.

Defendants present several other arguments for dismissal: The Court agrees that Plaintiff's first, second, and fourth claims for relief should be dismissed to the extent that she is attempting to allege a violation of her Sixth Amendment rights. The Sixth Amendment applies in "criminal prosecutions" only. In her eighth claim for relief, Plaintiff cites "Article 10, Section 24" of the Florida Constitution as a basis for her retaliation claim. However, Article 10, Section

24 establishes Florida's minimum wage entitlement.  The Court doubts that this provision of the Florida Constitution is relevant to Plaintiff's complaint, and Defendants cannot be reasonably expected to frame a responsive pleading to this claim.  Fed. R. Civ. P. 12(e).  Plaintiff also cites "Section 1, 9" and "Section 1, 16" of the Florida Constitution as a basis for the remainder of her claims.  The Florida Constitution, however, is divided into twelve "Articles" and then subdivided in numbered "Sections."  Neither the Court nor Defendants are able to determine which provisions of the Florida Constitution Plaintiff is attempting to invoke, and Defendants therefore cannot reasonably be expected to frame a responsive pleading to those claims.  Accordingly, Defendants' Rule 12(e) motions for a more definite statement are granted to the extent that Plaintiff is directed to properly identify those rights afforded by the Florida Constitution she contends have been violated.  Because the Court is unable to determine the true nature of Plaintiff's various claims at this time, the Court declines to consider Defendants' additional argument that Plaintiff's request for punitive damages should be dismissed.

Regarding Plaintiff's claims against Defendant Singer, the Court notes that Plaintiff has failed to allege whether she is suing him in his individual capacity or his official capacity.  This designation is important because a heightened pleading requirement applies when a plaintiff brings a § 1983 claim against an official acting in his individual capacity.  *See Washington*, 149 Fed. Appx. at 870.  Additionally, Plaintiff has not identified which of her eight claims for relief are directed toward Defendant Singer and require a response from him.

Plaintiff's complaint is so vague and ambiguous that Defendant Singer cannot reasonably be expected to frame a responsive pleading.  Fed. R. Civ. P. 12(e).  Accordingly, Defendant Singer's Rule 12(e) motion for a more definite statement is granted to the extent that Plaintiff is

directed to identify in her amended complaint whether she is suing Defendant Singer in his official or individual capacity. She must also specifically identify which claims are against which of the three defendants. Plaintiff's failure to do so may result in dismissal with prejudice of any or all of her claims.

Finally, because the Court is directing Plaintiff to file an amended complaint, the Court concludes that an award of attorneys' fees is not appropriate at this time. Defendants' motions are denied without prejudice to the extent they are seeking attorneys' fees pursuant to 42 U.S.C. § 1988.

### III. Conclusion

It is **ORDERED AND ADJUDGED** that the motions filed by Defendants Hernando County Housing Authority, Hernando County Housing Authority Board of Commissioners, and Donald Singer (Doc. Nos. 15, 16) are granted under Rule 12(b)(6) and 12(e). Plaintiff is directed to file an amended complaint to satisfy the deficiencies identified above on or before February 15, 2008. Failure to do so may result in dismissal with prejudice. Defendants' request for attorneys' fees pursuant to 42 U.S.C. § 1988 is denied without prejudice. Because the Court is permitting Plaintiff to file an amended complaint, her Motion for Summary Judgment (Doc. No. 17) is denied as moot.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of February, 2008.

Copies to:
Counsel of Record
Pro Se Plaintiff

SUSAN C. BUCKLEW
United States District Judge